UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KEN GOODWIN,

                  *Petitioner*

   - against -

SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY,

                *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER AND OPINION
DENYING PETITIONER'S
MOTION FOR A WRIT OF
HABEAS CORPUS**

23 Civ. 6340 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner Ken Goodwin petitions for a writ of habeas corpus under 28 U.S.C. § 2254,

contending that the state trial court violated his federal Constitutional rights by not obtaining his

personal assent on the record to withdrawing his guilty plea, as well as by declining to provide a

self-defense instruction to the jury at his trial. Both of these arguments are without merit. For the

reasons that follow, his petition for habeas relief is denied.

## BACKGROUND

On September 28, 2014, Petitioner stabbed two unarmed people, killing one of them, 14-

year-old Justin Falu. Petitioner was indicted of Murder in the Second Degree and other charges.

A. 5-13. Three years later, on November 13, 2017 and pursuant to a plea agreement with the

prosecutor, he pleaded guilty to Manslaughter in the Second Degree, in exchange for the

prosecutor's promise to recommend an indeterminate sentence of three to nine years custody, to

run concurrently with a 12-year prison term Petitioner was serving for an unrelated crime. A. 26-

27, 38. However, the presiding Justice was unwilling so to sentence Petitioner, citing Petitioner's

gang ties and history of violence. He gave Petitioner an opportunity to withdraw his plea, and

adjourned sentencing to March 22, 2018. A. 85-88, 93-95. On the adjourned date, experienced

defense counsel, with Petitioner present, and after an extended colloquy with the court, withdrew

Petitioner's guilty plea.[1] A. 108-11. The following was the colloquy:

> THE COURT: I don't know if you are going to move to withdraw the plea or not. I don't know the defense's plan. You – actually, the option is yours right now, if you want to move to withdraw the plea or do something else, that's your option or whatever else you want to choose.
> MR. RICHMAN: You haven't indicated what plea you would give him.
> THE COURT: Well, I already indicated that I'm not going to go forward with concurrent sentencing, okay?
> MR. RICHMAN: We are not requesting an adjournment. Prosecution wishes to request an adjournment. It's chargeable to them.
> THE COURT: I will take this as you are not moving to withdraw the plea. And then
> MR. RICHMAN: Take it any way you want.
> THE COURT: If you are not moving to withdraw the plea, then I can actually pronounce the sentence that I think is appropriate on the pleas that have been taken.
> MR. RICHMAN: No, that's not so, sir.
> THE COURT: That actually is.
> MR. RICHMAN: I'm not doing that.
> THE COURT: Okay. So do you wish to have an adjournment to decide whether you are going to withdraw the plea, or do you want me to adjourn it for sentencing?
> MR. RICHMAN: If the plea is before you, we will withdraw the plea.
> THE COURT: If the plea is before me?
> MR. RICHMAN: Before you, we will withdraw the plea.
> THE COURT: If the plea --
> MR. RICHMAN: For the reason set forth on the record before.
> MS. SCACCIA: The plea is already done.
> THE COURT: I don't understand.
> MR. RICHMAN: If the sentencing as such is before you, I am asking that that plea be withdrawn.
> THE COURT: I'm the only sentencing judge here.
> MR. RICHMAN: Well then, plea is then withdrawn.
> THE COURT: So you are moving to withdraw your plea?
> MR. RICHMAN: Absolutely.

A. 108-09. The court then ordered Petitioner's guilty plea withdrawn. A. 111, 115.

Petitioner proceeded to trial. At the charging conference, Petitioner's counsel requested a

jury instruction on self-defense. A. 507. But the trial court declined to do so in light of clear

---

[1] Petitioner's trial counsel filed an affirmation with this Court, stating that he "probably turned to [Petitioner] and asked [Petitioner] what he wanted to do" before withdrawing Petitioner's guilty plea, as was his regular procedure, but had no clear recollection of the particular event. ECF No. 9.

evidence that the two victims Petitioner stabbed did not threaten deadly physical force against

Petitioner or anyone else. A. 523.

Petitioner was convicted of Manslaughter in the Second Degree and Assault in the

Second Degree. A. 690-91. His post-trial motion to set aside the verdict due to the court's refusal

to provide a jury instruction that he acted in self-defense was denied. A. 709-12. The trial court

ruled:

> The court also rejects defendant's claim that the court erred by not submitting the
> defense of justification to the jury . . . . Moreover the video evidence that was introduced
> at trial contradicts any claim that the justification defense was warranted. Despite
> defendant's characterization of the evidence and his claim that the fight caused him to
> fear for his life and that of his friends, the video showed defendant stabbing an unarmed
> Justin Falu as defendant recklessly swung the knife at people running into the lobby of a
> building. The video also showed defendant intentionally stab Ricardo Rivera, who was
> also unarmed, as he attempted to flee the lobby of the building. There is absolutely no
> evidence that defendant believed that he had to use deadly physical force to defend
> himself from the imminent use of deadly physical force, or even the threat of imminent
> deadly physical force, from anyone, let alone from the unarmed victims—one of whom
> was attempting to flee. Based on the foregoing, there was no reasonable view of the trial
> evidence, when viewed in the light most favorable to defendant, to establish the basic
> elements of the justification defense.

A. 711. Petitioner was sentenced by the trial court to an indeterminate prison term of three to

nine years on the second-degree manslaughter count to run concurrently with a determinate

prison sentence of two years on the second-degree assault count, as well as two years of post-

release supervision. A. 713-26. Thus, the result after trial was the same sentence as that to which

Petitioner had agreed and the then-presiding Justice was unwilling to give.

Petitioner challenged his conviction in the New York State Appellate Division, First

Department. *See People v. Goodwin*, 202 A.D.3d 634 (N.Y. App. Div. 1st Dep't 2022). On

appeal, he contended that the trial court improperly withdrew his initial guilty plea given his lack

of personal assent, that the jury's verdict was against the weight of the evidence, and that the trial

court judge wrongfully refused to instruct the jury on self-defense. *Id.* All three of these

3

arguments were rejected by the Appellate Division. *Id.* at 636-37. The New York Court of Appeals denied Petitioner leave to appeal. *People v. Goodwin*, 38 N.Y.3d 1008 (N.Y. 2022).[2]

On July 21, 2023, Petitioner filed the instant habeas petition. He is currently serving his sentence in the custody of Respondent.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus on behalf of an individual in custody following a state criminal conviction "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Additionally, a trial court ruling can be deemed an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Habeas relief is warranted only "where there is no possibility fair-minded jurists could disagree that the state

---

[2] Though Goodwin did not file a collateral attack against his conviction in state court, since the issues on which he bases his instant habeas petition—the withdrawal of his guilty plea as well as the trial court's refusal to provide a self-defense charge to the jury—were rejected on direct appeal, he has effectively exhausted his state remedies. *See Castille v. Peoples*, 489 U.S. 346, 350 (1989) ("[O]nce the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'") (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)).

4

court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state trial court's determination of factual issues in a case bears a presumption of correctness, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Indeed, AEDPA provides a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), "which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102.

## DISCUSSION

Petitioner contends the state trial court violated his Constitutional rights by (1) not having obtained his personal assent on the record to withdrawing his guilty plea; and (2) declining to provide a self-defense instruction to the jury. Both of these arguments are without merit.

### I.    Withdrawal of Guilty Plea

Petitioner avers that the trial court's failure to obtain his personal assent on the record prior to withdrawing his guilty plea violated his federal Constitutional rights. The Appellate Division rejected this argument, ruling that:

> Based upon this record, we cannot conclude that once defendant, who was present at sentencing, was informed that the plea court intended to impose a consecutive sentence as opposed to a concurrent sentence, he did not consent to the withdrawal of the plea or that he did not authorize his attorney to withdraw his guilty plea.

*Goodwin*, 202 A.D.2d at 636.

"There is, of course, no absolute right to have a guilty plea accepted." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Indeed, "a waiver of rights arises from the choice to plead guilty, not from exercising the right to go to trial." *United States v. Graham*, 51 F.4th 67, 79 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 1754 (2023). While a defendant has a constitutional right to

be informed by their defense attorney of a plea offer, *Missouri v. Frye*, 566 U.S. 134, 148 (2012), they have no Constitutional right to receive a plea bargain, or to have a plea bargain approved by the trial court. *Lafler v. Cooper*, 566 U.S. 156, 168 (2012).

The Supreme Court has held that before a court accepts the guilty plea of a defendant facing death or imprisonment, it must ensure the defendant is waiving their rights knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969). But Petitioner cites no Supreme Court precedent that requires an allocution prior to the withdrawal of a defendant's guilty plea— much less a holding that mandates a court obtain the defendant's personal assent to doing so on the record. *See Jordan v. United States*, No. 89-15480, 1993 WL 272534, at *1 (9th Cir. July 21, 1993) ("[T]here is no authority in the case law for the proposition that the district court was required to obtain [defendant's] personal waiver of his right to withdraw the guilty plea."). To the contrary, case law evinces that there is no need for a defendant to assent on the record to withdrawing their guilty plea. *See, e.g., United States v. Blakeslee*, 423 F. App'x 136, 139 (3d Cir. 2011) (defendant withdrew his guilty plea "[t]hrough his counsel"); *United States v. Mares-Martinez*, 329 F.3d 1204, 1206 (10th Cir. 2003) ("Defendant responded through counsel" that he did not want to withdraw his guilty plea).

Based on the foregoing, I cannot say the Appellate Division's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). No Supreme Court case law supports Petitioner's contention that his personal assent was required on the record for his guilty plea to be withdrawn. To the contrary, *Jordan*, *Blakeslee*, and *Mares-Martinez* all indicate that the trial court did not need to obtain Petitioner's personal assent prior to withdrawing his guilty plea here, and that his defense counsel's on-the-record withdrawal of the plea as Petitioner sat by

counsel's side in open court sufficed. It is clear from the circumstances that the withdrawal of Petitioner's guilty plea was done in his favor and without his objection.

## II.     Self-Defense Jury Charge

In considering a § 2254 petition on the basis of a state court jury instruction error, "it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). Accordingly, I must determine whether the challenged "instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id*. at 147. And in doing so, I must credit the state trial court's factual findings, unless they have been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Second Circuit "has repeatedly held that 'in order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law.'" *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001) (quoting *Casillas v. Scully*, 769 F.2d 60, 63 (2d Cir. 1985)). When reviewing habeas petitions based on a refusal to grant a self-defense jury instruction, courts "cannot grant relief here without answering three questions in the petitioner's favor": (1) if a self-defense charge was required as a matter of New York law; (2) if it was required, did the court's failure to provide it violate the *Cupp* standard; and (3) if the charge was required under New York law and the state trial court's failure to provide it violated *Cupp*, is the matter remediable under AEDPA. *Davis*, 270 F.3d at 124.

Under New York law, an individual may not use deadly force unless they "reasonably believe[] that such other person is using or about to use deadly physical force." N.Y. Penal Law § 35.15(2)(a). The test is both objective and subjective: the defendant must believe their use of "deadly force was necessary to avert the imminent use of deadly force" and this belief must have been reasonable "in light of all the 'circumstances.'" *People v. Goetz*, 68 N.Y.2d 96, 115 (N.Y. 1986). Additionally, "even if a defendant has a reasonable belief that the victim was about to use deadly force, he cannot rely on the justification defense if he is the first and only person to use a deadly weapon." *Williams v. Chappius*, 16 Civ. 8329 (PAE) (SN), 2018 WL 7133267, at *8 (S.D.N.Y. Nov. 16, 2018), *report and recommendation adopted*, 2019 WL 330630 (S.D.N.Y. Jan. 25, 2019) (citing *People v. Watson*, 20 N.Y.3d 1018, 1020 (N.Y. 2013)). When the issue of self-defense is properly raised, the prosecution must disprove it beyond a reasonable doubt. N.Y. Penal Law §§ 25.00(1), 35.00. New York law "is clear that the use of a knife to slash another man near his heart or in the abdomen . . . constitutes deadly physical force." *Pollard v. Gonyea*, 11 Civ. 5712 (RMB) (MHD), 2012 WL 2389663, at *10 (S.D.N.Y. Mar. 14, 2012), *report and recommendation adopted*, 2012 WL 2389755 (S.D.N.Y. June 25, 2012).

Here, my inquiry under *Davis* ends after the first step, as a self-defense charge was not required in Petitioner's trial. 270 F.3d at 124. The state trial court's factual determination must be given deference, and I cannot say it was not a reasonable view of the evidence. There is no basis for this Court to second-guess the state trial court's finding that there was no evidence that Petitioner reasonably believed he needed to use deadly force to defend himself, or anyone else, from the imminent use of deadly force by another individual. A. 523, 711. The state court held, and I agree, that Petitioner was not entitled to a jury instruction on self-defense. N.Y. Penal Law § 35.15(2)(a); *Goetz*, 68 N.Y.2d at 115. Furthermore, New York's highest court has ruled that a

self-defense charge would not be appropriate since Petitioner was the first and only person to have used a deadly weapon. *See Watson*, 20 N.Y.3d at 1020. Accordingly, the state trial court did not violate Petitioner's Constitutional rights in declining to instruct the jury on self-defense.

## CONCLUSION

Based on the foregoing, Goodwin's petition for a writ of habeas corpus is denied. Because Petitioner has "not made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a Certificate of Appealability.

The Clerk of Court is instructed to terminate the open motion at ECF No. 1 and enter judgment dismissing the case.

SO ORDERED.

Dated:    October 30, 2024
          New York, New York

ALVIN K. HELLERSTEIN
United States District Judge